UNITED STATES of America, Plaintiff,

v.

Charles MEDLIN, B.A. McFarland, and B.E. McFarland, Defendants.

Civ. A. Nos. CA-5-79-68, CA-5-79-68A.

United States District Court,
N.D. Texas,
Lubbock Division.

May 24, 1984.

See also, D.C., 588 F.Supp. 867, D.C., 588 F.Supp. 871.

Judith Ellen Rabinowitz, Civil Div., U.S. Dept. of Justice, Washington, D.C., James A. Rolfe, U.S. Atty., Dallas, Tex., Roger L. McRoberts, Asst. U.S. Atty., Lubbock, Tex., for plaintiff United States of America.

Gerald Huffaker, Huffaker & Green, Tahoka, Tex., for defendants.

### ORDER

WOODWARD, Chief Judge.

Defendants here were originally sued by the Government for overpayments under the Upland Cotton Program. When the liability was administratively determined by the Department of Agriculture, the defendants' names were placed on the Federal Debt Register, and payments subsequently earned by them through agricultural programs have been withheld by the Government. The defendants filed a counterclaim against the Government, seeking removal of their names from the Register and release of the money withheld. *See United States v. O'Neil,* 709 F.2d 361, 365 (5th Cir.1983). This court severed the counterclaim, and granted Defendants' Mo-

tion for Summary Judgment on the main cause of action on the basis of statute of limitations. The Government failed to file a timely appeal with respect to defendants and the judgment became final. The Fifth Circuit affirmed the holding that the judgment was final. *Id.* at 369. This court further granted summary judgment for the defendants/counterplaintiffs on their counterclaim; the Fifth Circuit, however, reversed and remanded for the determination of an independent jurisdictional basis for the counterclaim. *Id.* at 375.

The Medlin parties, defendants/counterclaimants, are in a different procedural position from the other counterclaimants. (*See* order of even date filed in CA–5–79–72A, *Doko Farms, et al., v. United States of America.*) Before the Fifth Circuit entered its decision, the Medlin parties (hereinafter defendants) and the United States Entered into a Stipulation whereby all agricultural program payments earned by defendants and being withheld by the Government and the sums paid by defendants were delivered into the registry of the court. Stipulation Paragraph 3 (filed April 12, 1982). The stipulation provides that when $220,500.00 had been paid into the registry, the defendants' names would be removed from the federal debt register, which event has apparently now taken place. Stipulation Paragraph 4. The Stipulation further provides that the funds shall be used to pay any judgment recovered by the Government, and that any amount left over after such payment to the Government, if any, shall be released to the defendants. Stipulation Paragraph 9. Specifically, Paragraph 9 states that:

> When the hereinabove numbered and styled cause has been finally adjudicated by final judgment, any and all funds deposited into the registry of the Court in excess of any amount owed to the Plaintiff, if any, under the terms of said final judgment and this stipulation, shall forthwith be released to the Defendants, jointly.

The defendants filed a Motion to Dismiss their Counterclaim and to Withdraw Funds from the Registry of the Court. The United States does not oppose the Motion to Dismiss the Counterclaim, but filed a Motion for an Order Directing the Court to Return Funds from the Registry to Their Original Source. For the following reasons, the defendants' Motion to Dismiss their Counterclaim and to Withdraw Funds from the Registry of the Court is *granted*, and the United States' Motion for an Order Directing Return of Funds from the Registry to Their Original Source is *denied*.

The Medlin parties' severed counterclaim was for the removal of their names from the debt register. Because their names have been removed from the debt register pursuant to the stipulation, their counterclaim is moot and the defendants' unopposed Motion to Dismiss is granted.

Further, because the counterclaim has been dismissed, the jurisdictional question need not be addressed. The Fifth Circuit remanded for a finding of independent jurisdiction on the *counterclaim.* 709 F.2d 361 at 375. The Stipulation was entered so that the United States of America could protect any judgment it might recover on the main action, and the defendants could have their names removed from the debt register. The Stipulation is thus part of the main cause of action brought by the United States against the Medlin parties, and the funds were deposited with the clerk in accordance with Rule 67, Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2041 and 2042.

The defendants now move to have the funds in the registry returned to them, pursuant to the Stipulation Paragraph 9. The United States moves to have the funds returned to the Department of Agriculture and argues that their claim has not been "finally adjudicated" within the meaning of the Stipulation. The United States brought suit to recover alleged overpayments. This court held that claim to be barred by statute of limitations. Judgment, Memorandum and Order filed April 3, 1981, CA–5–79–68. The United States, through a procedural mistake, failed to file a timely appeal. 709 F.2d 361 at 374–5. The Fifth Circuit entered its decision on July 11, 1983, and no writ of certiorari has been filed. Certiorari must be filed within ninety days after entry of judgment (in this case, within ninety

days after July 11, 1983). 28 U.S.C. § 2101(c). As a result of the judgment entered by this court and affirmed by the Fifth Circuit, the defendants here owe no sums to the Government, and the Government is thereby precluded from further pressing that claim. The fact that they might have prevailed had they appealed on time, as the Government argues, is totally irrelevant.

The Government entered into a stipulation, agreeing to release the funds to the defendants upon final adjudication of the cause of action. As outlined above, the cause has been finally adjudicated, and the time for appeal has expired. The Motion of the Defendants to Withdraw Funds from the Registry of the Court is therefore granted and the United States' Motion for Order Directing the Court to Return Funds from the Registry to Their Original Source is denied.

See also, D.C., 588 F.Supp. 865, D.C., 588 F.Supp. 871.